UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present                           Not Present

**Proceedings:**   (In Chambers:) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

**I.   INTRODUCTION & BACKGROUND**

On February 7, 2012, *pro se* plaintiff Fang L. Huang filed a complaint against Craig Miller, Jennifer Hecox, G & K Management Co., Inc., and Los Angeles County Department of Health, alleging four claims for relief, styled as: (1) violation of the implied warranty of habitability pursuant to Cal. Civ. Code § 1941.1; (2) failure to provide public records in violation of Cal. Gov. Code §§ 6253 et seq.; (3) failure to repair premises in violation of Cal. Health & Safety Code §§ 26103 et seq.; and (4) violations of Cal. Gov. Code §11126(a), Cal. Health & Safety Code § 26105, and 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff alleges subject matter jurisdiction on the basis of federal question jurisdiction. 28 U.S.C. § 1331.

The gravamen of plaintiff's complaint is that her landlord has failed to fix leaks and stop the infiltration of toxic materials into her apartment, and government health inspectors have failed to provide her with the results of their inspections.

**II.   DISCUSSION**

A district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For an action to "arise under" the Constitution, laws, or treaties of the United States, "a right or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). A federal question "must be disclosed upon the face of the complaint, unaided by the answer." Id. at 113; see also Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974).

Here, the only federal claim asserted by plaintiff is that defendants violated 42 U.S.C. §§ 1983 et seq. vis a vis their alleged violation of Cal. Health & Safety Code § 26105 (failure to repair premises and disclose defects). However, plaintiff has not pointed to any federal civil right that defendants may have violated.[1] Liley v. State of Missouri, 920 F. Supp. 1035, 1044 (E.D. Mo. 1996) ("Violations of state laws do not by themselves state a claim under 42 U.S.C. § 1983."); Ebmeier v. Stump, 70 F.3d 1012, 1013 (8th Cir. 1995) (same). Nor has plaintiff cited any authority suggesting that a state actor's general failure to provide a service amounts to a civil rights violation.[2] Accordingly, because the complaint does not appear to assert a federal question pursuant to § 1983, this Court appears to lack jurisdiction to entertain this action.

---

[1] Plaintiff also alleges that defendants violated Cal. Gov. Code § 11126(a). However, that section merely discusses a state body's ability to hold closed sessions to consider the appointment, employment, evaluation of performance, or dismissal of a public employee. Cal. Gov. Code § 11126(a). That section has no relevance as to plaintiff's alleged § 1983 violation.

[2] Construed most liberally, plaintiff asserts her §§ 1983, 1985 and 1986 as "state-created danger" claims under the Constitution. The "state-created danger" theory is one of two exceptions to the rule that the Constitution does not confer an affirmative right to governmental aid. Ye v. United States, 484 F.3d 634, 636 (9th Cir. 2007). Under the state-created danger theory, a governmental actor can be liable to an individual for creating a danger that renders a citizen more vulnerable to the danger had the state not acted at all. Id. at 638. Even under this exception, however, an affirmative act, rather than mere inaction, is required. Id. Here, plaintiff alleges that defendants failed to disclose the results of a health inspection—not that they committed an affirmative act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-943 CAS (AJWx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

## III. CONCLUSION

In accordance with the foregoing, plaintiff is hereby ORDERED to SHOW CAUSE on or before March 22, 2012, why the instant action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |