UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Fang Huang, *Pro Se* | Sheryl Rosenberg<br>Kimberly Cobo<br>Joseph Heath, specially appearing |

**Proceedings:** **DEFENDANT G&K'S MOTION TO DISMISS AND MOTION TO STRIKE** (filed 05/14/12)

**DEFENDANT HECOX'S MOTION TO DISMISS AND MOTION TO STRIKE** (filed 05/14/12)

**DEFENDANT MILLER'S MOTION TO DISMISS AND MOTION TO STRIKE** (filed 04/20/12)

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** (filed 05/4/12)

## I. INTRODUCTION AND BACKGROUND

On February 7, 2012, pro se plaintiff Fang L. Huang filed the instant action against Craig Miller, Jennifer Hecox, G & K Management Co., Inc. ("G&K"), the Bureau of District Surveillance and Enforcement (the "Bureau"),[1] and the Toxic Epidemiology Program of Los Angeles Department of Public Health (the "Department"). Plaintiff resides at 14315 Clark Street, Apartment No. 115, Baldwin Park, CA 91706 ("Clark

---

[1] The Bureau is responsible for inspecting and enforcing public health laws at licensed housing facilities, including apartments and condominiums. The Bureau also handles general sanitation complaints at private or commercial properties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

Terrace"). Defendant G&K manages Clark Terrace; defendant Miller is the resident manager and defendant Hecox is the supervisor.

Plaintiff's first claim against all defendants alleges breach of the implied warranty of habitability pursuant to California Civil Code § 1941.1. Compl. at 10. Specifically, plaintiff alleges that defendants Miller and Hecox refused to repair the water damage in plaintiff's ceiling in violation of California Health and Safety Code §§ 17920.3 and 26103.[2] Id. Plaintiff further avers that defendant G&K's failure to repair the water damage violated California Health and Safety Code § 17920.3 and California Civil Code §§ 1942.4(a)(1) and 1942.5(a). Id.

Plaintiff's second claim against the Bureau alleges a violation of "Civil Rights for Public Record." Id. at 11. Plaintiff claims that the Bureau ignored her requests to inspect public records pertaining to inspections and photographs of the water damage in her apartment. Id.

Plaintiff's third claim against the Department alleges violations of California Government Code § 6253 and California Health and Safety Code §§ 26103(a)(1) and 26105(b)(5). Id. at 12. Specifically, plaintiff alleges that the Department's inspectors only reported "visible mold," and failed to inspect "invisible mold (mold spores)" and "hidden mold (mold above ceiling or behind walls)." Id. As a result, plaintiff avers that the Department's official report is misleading. Id.

---

[2]Plaintiff pleads a single claim against defendants Miller and Hecox for breach of implied warranty of habitability in violation of California Civil Code § 1941.1. Within that claim, plaintiff alleges violations of California Civil Code § 1942.2 and California Health and Safety Code §§ 17920.3 and 26103. California Civil Code § 1941.1 and California Health and Safety Code § 17920.3 enumerate characteristics of untenable dwellings and substandard buildings, respectively. California Health and Safety Code § 26103 permits the Health and Safety Department to adopt permissible exposure limits to mold in indoor environments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

 Plaintiff's final claim against the Bureau and the Department alleges violations of California Government Code § 11126(a) and 42 U.S.C. §§ 1983, 1985 and 1986.[3] Id. at 13.  Plaintiff alleges that the inspectors intentionally concealed the invisible and hidden mold by selectively photographing areas of the ceiling that did not indicate water-damage.  Id.  Plaintiff further avers that the omitted facts in the official report put her health at risk because she was unable to obtain reasonable accommodations for her disabilities.[4]  Id.

  On April 20, 2012, defendant Miller filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and a motion to strike portions of the complaint pursuant to Rule 12(f).  Dkt. No. 11.  On May 14, 2012, defendants G&K and Hecox separately filed their own motions.[5]  Dkt. No. 29; Dkt No. 30.

 On May 4, 2012, plaintiff filed an opposition and a declaration in support of her opposition to defendant Miller's motions[6] contemporaneously with a memorandum of points and authorities in support of a motion for leave to file a first amended complaint.  Dkt. No. 18; Dkt. No. 22.  Plaintiff did not file an opposition to the other defendants' motions.  On May 11, 2012, defendant Miller filed a reply to plaintiff's opposition.  Dkt. No. 27.

 On May 14, 2012, defendants G&K, Hecox and Miller filed a joint opposition to plaintiff's motion for leave to file a first amended complaint.  Dkt. No. 33.  The Court

---

 [3]The Bureau and the Department appear to have been properly served but have not yet appeared.  See Dkt. No. 13.

 [4]Plaintiff is a survivor of domestic violence and suffers from a permanent left brain injury.

 [5]Specifically, defendants move to strike plaintiff's "extraneous and improper allegations," and  plaintiff's request for attorney fees because she is a pro se litigant.  Dkt. No. 11 at 11; Dkt. No. 29 at 11; Dkt No. 30 at 11.

 [6]Defendant Miller filed a notice of non-opposition before receiving plaintiff's untimely opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

heard oral argument on June 18, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

### B.   Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

### C.  Federal Rule of Civil Procedure 12(f)

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

### D.  Federal Rule of Civil Procedure 15(a)

Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). Some

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

factors may be weighted more heavily than others; for example, "[s]ome courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

### III. DISCUSSION

#### A. Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction

Defendants G&K, Hecox and Miller move to dismiss plaintiff's complaint for lack of subject matter jurisdiction on the grounds that plaintiff's alleged state law claims do not fall within the Court's supplemental jurisdiction. Dkt. No. 11; Dkt No. 19; Dkt. No. 30. Specifically, defendants argue that plaintiff does not allege that defendants were involved with, or had knowledge of, plaintiff's complaints to the Bureau or the Department. Id. As a result, defendants contend that there is no link between plaintiff's alleged state law and federal law claims. Id. The Court disagrees. Here, plaintiff's state law claims "form part of the same case or controversy" as the federal claims alleged against the Bureau and the Department. 28 U.S.C. § 1367(a). Specifically, both the state and federal claims pertain to the alleged mold in plaintiff's apartment. Accordingly, the Court denies defendants' motions to dismiss for lack of subject matter jurisdiction.

#### B. Defendants G&K's and Hecox's Motions to Dismiss for Failure to State a Claim

Defendants G&K and Hecox move to dismiss plaintiff's complaint on the grounds that plaintiff fails to state a cognizable legal theory for violation of implied warranty of habitability. Id. Defendant G&K argues that plaintiff fails to state a claim for violation of California Civil Code § 1942.4 because she does not allege: (1) the existence of an uninhabitable condition; (2) that a public officer who is responsible for the enforcement of inspecting the premises has notified the landlord of his or her obligations to abate or repair the substandard condition; (3) that the condition has existed and has not been abated thirty-five days beyond the day of notice, and (4) that the condition was not caused by an act or omission of the tenant. Cal. Civ. Code § 1942.4(a); Dkt. No. 29 at 6. Defendant Hecox moves to dismiss plaintiff's complaint on the grounds that plaintiff does not allege that she is a landlord as required by California Civil Code § 1942.4. Dkt. No. 30 at 5. Plaintiff does not oppose either motion. Accordingly, the Court grants defendants G&K's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 12-943 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

and Hecox's motions. L.R. 7-12 (failure to file an opposition may be deemed consent to the granting of a motion).

### C. Defendant Miller's Motion to Dismiss For Failure to State a Claim

Defendant Miller argues that dismissal is proper because California Civil Code § 1942.4 is the only statute asserted by plaintiff that gives her any standing to sue, and plaintiff fails to allege that defendant Miller is a landlord as required by that statute. Dkt. No. 11 at 5.

In opposition, plaintiff states that defendant Miller is a landlord because he is "in charge" of Clark Terrace. Opp'n at 13. In addition, plaintiff argues that defendant Miller's breach of the Section 8 contract with the U.S. Department of Housing and Urban Development ("HUD") amounted to "active negligence" in violation of 24 C.F.R. § 983.207.[7] Id. Therefore, plaintiff contends that the complaint should not be dismissed because defendant Miller was negligent, intentionally harmed plaintiff's health and was aware of reasonably foreseeable damage to plaintiff.[8] Id. at 13–14. Plaintiff also requests that the Court issue an order approving her previously denied Section 8 voucher application, and asks for a court-appointed pro-bono attorney to represent her.[9] Id. at 14.

---

[7]According to plaintiff, Clark Terrace is a project-based voucher program ("PBV") administered and funded by the Public Housing Agency ("PHA"). The PHA receives annual contributions from HUD. In a PBV, financial assistance is "attached to the structure;" PHA makes housing assistance payments to the owner for units leased and occupied by eligible individuals. 24 C.F.R. § 983.5.

[8]Although defendant Hecox is not a party to defendant Miller's motion, and plaintiff filed her opposition before defendant Hecox moved for dismissal, plaintiff argues that defendant Hecox should not be dismissed for the same reasons.

[9]It appears that plaintiff is requesting an order approving her Section 8 "tenant-based voucher" to avoid the long waiting list for admission to a tenant-based program. Opp'n at 5. HUD and the PHA administer the "tenant-based voucher" program, and the Court does not have jurisdiction over this matter until plaintiff has exhausted her remedies through these administrative agencies. 24 C.F.R. § 982.1. The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

The Court finds that defendant Miller's motion to dismiss for failure to state a claim should be granted. To sufficiently plead a breach of implied warranty of habitability, plaintiff must allege: (1) there was a materially defective condition affecting habitability; (2) the condition was unknown to the tenant at the time of occupancy; (3) the effect of the condition was not apparent through reasonable inspection; (4) notice was given to the landlord within a reasonable time after the tenant discovered or should have discovered the breach of warranty; and (5) the landlord was given a reasonable time to correct the defect.[10] Quevedo v. Braga, 72 Cal. App. 3d Supp. 1, 6 (Cal. Ct. App. 1977).

Plaintiff fails to allege that defendant Miller is a landlord, and therefore fails to state a claim for breach of implied warranty of habitability. See Linton v. Murray, 2009 WL 4922481, at *4 (Cal. App. Dec. 21, 2009) (holding that a tenant cannot assert a claim based on contract [breach of implied warranty of habitability] against a landlord's managing agent).

Similarly, plaintiff fails to state a claim for violation of California Civil Code § 1942.4. California Civil Code § 1942.4 provides that a landlord cannot ask for rent if a tenant shows: (1) the existence of an uninhabitable condition to an extent that endangers the life, limb, health, property, safety or welfare of the public or the occupants of the dwelling; (2) a public officer who is responsible for the enforcement of inspecting the premises has notified the landlord or the landlord's agent in writing of his or her obligations to abate or repair the substandard condition; (3) the conditions have existed and have not been abated thirty-five days beyond the day of notice, and the delay is

---

recommends that plaintiff follows the waiting list admissions and special admissions requirements under 24 C.F.R. §§ 982.201–208. Additionally, plaintiff does not have a right to appointed counsel because this is a civil matter, not a criminal matter. Nicholson v. Rushen, 767 F.2d 1426, 1427 ("[A] plaintiff in a civil case has no right to effective assistance of counsel.").

[10]The Court acknowledges that plaintiff alleges violations of multiple statutes that do not give her standing to sue, including California Health and Safety Code §§ 17920.3 and 26103 and California Civil Code § 1941.1. Nevertheless, although she has not adequately done so here, plaintiff may assert a common law claim for breach of implied warranty of habitability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIVORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

without good cause; and (4) the condition was not caused by an act or omission of the tenant. Cal. Civ. Code § 1942.4(a).

Again, plaintiff fails to allege that defendant Miller is a landlord. Further, even if plaintiff were to allege that Miller is a landlord, plaintiff does not allege that a public officer or employee responsible for inspecting the premises provided written notice of Miller's duty to abate or repair a substandard condition in plaintiff's apartment. Nor does plaintiff allege that the uninhabitable condition was not abated thirty-five days beyond notice to G&K, or that the condition was not caused by plaintiff's own act or omission. Therefore, plaintiff fails to state a claim for violation of California Civil Code § 1942.4.

Lastly, as to plaintiff's assertion of negligence in her opposition, plaintiff cannot pursue this claim because an opposition cannot supplement a complaint to assert new allegations. See Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998) ("[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). If plaintiff wishes to pursue a claim for negligence, she must specifically plead this claim in her amended complaint.

Accordingly, the Court finds it appropriate to grant defendant Miller's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant G&K's motion to dismiss for lack of subject matter jurisdiction, GRANTS its motion to dismiss for failure to state a claim without prejudice, and DENIES its motion to strike as moot.

The Court hereby DENIES defendant Hecox's motion to dismiss for lack of subject matter jurisdiction, GRANTS her motion to dismiss for failure to state a claim without prejudice and DENIES her motion to strike as moot.

The Court hereby DENIES defendant Miller's motion to dismiss for lack of subject matter jurisdiction, GRANTS his motion to dismiss for failure to state a claim without prejudice, and DENIES his motion to strike as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-943 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | FANG L. HUANG v. CRAIG MILLER; ET AL. | | |

The Court DENIES plaintiff's motion for leave to amend as moot.

Plaintiff shall file an amended complaint addressing the deficiencies noted herein within thirty (30) days. The Court admonishes plaintiff that failure to timely file an amended complaint may result in the dismissal of her case with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |