UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                  **JS-6**

| Case No. | CV 12-0943-CAS (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | FANG L HUANG V. CRAIG MILLER, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Fang Huang | Joseph Heath |
| | Amand Mines |

**Proceedings:**   **DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT AND MOTIONS TO STRIKE**
(filed July 31, 2012; August 7, 2012)

## I.   INTRODUCTION

On February 7, 2012, pro se plaintiff Fang L. Huang filed the instant action against Craig Miller, Jennifer Hecox, G & K Management Co., Inc. ("G&K"), the Bureau of District Surveillance and Enforcement (the "Bureau"), and the Toxic Epidemiology Program of Los Angeles Department of Public Health.[1]  Dkt. No. 3.  Plaintiff resides at 14315 Clark Street, Apartment No. 115, Baldwin Park, CA 91706 ("Clark Terrace"). Defendant G&K manages Clark Terrace; defendant Miller is the resident manager and defendant Hecox is the supervisor.

On June 18, 2012, the Court granted defendants Miller, Hecox, and G&K's motions to dismiss for failure to state a claim upon which relief may be granted without prejudice.  Dkt. No. 39.  The Court found that plaintiff failed to state a claim against

---

[1] Plaintiff erroneously sued the Toxic Epidemiology Program of Los Angeles Department of Public Health and the "Bureau of District Surveillance and Enforcement"; the proper defendant for both of these putative parties is the County of Los Angeles Department of Public Health ("COLA").  The Toxicology Epidemiology Program is part of the Bureau of Toxicology and Environmental Assessment.  Both this Bureau and the Bureau of District Surveillance and Enforcement are under the umbrella of the Environmental Health Division of the County of Los Angeles Department of Public Health.  See http://www.publichealth.lacounty.gov/eh/index.htm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| CIVIL MINUTES - GENERAL | | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-0943-CAS (AJWx) | Date | October 15, 2012 |
| Title | FANG L HUANG V. CRAIG MILLER, ET AL. | | |

defendants G&K and Hecox because plaintiff failed to oppose either motion. In addition, the Court granted defendant Miller's motion to dismiss, on the grounds that plaintiff failed to allege that defendant Miller is her landlord. The Court denied the same defendants' motions to strike as moot, and also denied defendants' motions to dismiss for lack of subject matter jurisdiction. Id.

On July 17, 2012, plaintiff filed a first amended complaint ("FAC"). Dkt. No. 41. In addition to the above-named parties, plaintiff named Clark Terrace Apartments, L.P. ("Clark Terrace"), as a defendant. On July 31, 2012, defendant COLA filed a motion to dismiss the FAC for failure to state a claim upon which relief may be granted. Dkt. No. 44. On August 7, 2012, defendant Hecox and Miller filed separate motions to dismiss and to strike portions of plaintiff's complaint; defendants G&K and Clark Terrace also filed a joint motion to dismiss and to strike. Dkt. Nos. 45–47.

Plaintiff filed an opposition to defendants' motions to dismiss on September 17, 2012. Dkt. No. 60. Plaintiff also requested appointment of counsel pursuant to 28 U.S.C. § 1915(e). Defendant filed a reply in support of its motion and an opposition to plaintiff's request for appointment of counsel on September 28, 2012. Dkt. No. 64. Defendants Hecox, Miller, Clark Terrace, and G&K filed replies on the same date. Dkt. Nos. 66, 69–70. Defendants also opposed plaintiff's request for appointment of counsel. Dkt. No. 68. The Court held a hearing on October 15, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

II.  **BACKGROUND**

Plaintiff principally complains that she has had numerous problems with leaks and water damage in her apartment, which has resulted in unsanitary mold growth and other potential health hazards. See FAC ¶ 10 (alleging that the leak began on February 3, 2010). Plaintiff alleges that she reported these conditions to defendant Miller on numerous occasions, the manager for G&K, but that defendants failed to remedy the situation. Id. Because of this alleged mold infestation, plaintiff alleges that she has suffered various health problems and has had to vacate her apartment on numerous occasions. Id. ¶ 11. According to plaintiff, defendants eventually repaired the leak in her apartment on April 4, 2010, at which point plaintiff discovered black mold all over the inside of her apartment's ceiling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-0943-CAS (AJWx) | Date | October 15, 2012 |
| Title | FANG L HUANG V. CRAIG MILLER, ET AL. | | |

Plaintiff alleges that she complained to the Department of Environmental Hygiene on April 8, 2010, and that an inspector from the department visited her apartment.  Id. ¶ 12.  The inspector allegedly found that a vent was not working properly, which contributed to poor air quality in the apartment.  Plaintiff alleges that additional leaks occurred later in 2010 and throughout the following year as well, due to poor roof maintenance.  Id. ¶ 13.  Plaintiff also alleges that she filed a complaint with the Local Department of Environmental Health (styled as "the Bureau"), who sent inspectors to her apartment on March 3, 2010.  Id. ¶ 14.  She alleges that these inspectors "concealed" stains and cracks on the wall and ceilings and that the inspectors covered up the purported violations of the housing code.  Id.

Plaintiff then filed the instant lawsuit alleging four claims for relief.[2]  First, plaintiff claims that all defendants acted negligently and negligently caused her emotional distress.  Second, plaintiff claims that defendants Clark Terrace and G&K breached a contract with plaintiff and violated the implied warranty of habitability.  Third, plaintiff claims that defendant COLA violated her civil rights (and were part of a conspiracy to violate her civil rights) under 42 U.S.C. §§ 1983, 1985, and 1986.  Fourth, plaintiff brings a claim against defendants COLA and Miller purportedly for a violation of her civil rights under the Public Records Act, California Government Code sections 6253, 6258, and 6259.[3]

## III.  LEGAL STANDARD

### A.  Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)

Section 1915(e)(1) gives the district court the discretion to appoint counsel in civil actions, but only in "exceptional circumstances."  United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).  To find that exceptional circumstances

_____

[2] Plaintiff allegedly made numerous attempts to obtain assistance from various federal and state government entities before filing the instant suit.  See, e.g., Plaintiff's Response to the Court's Order to Show Cause, Dkt. No. 8.

[3] As with her third claim, plaintiff also alleges that defendants violated 42 U.S.C. §§ 1983, 1985, and 1986.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-0943-CAS (AJWx) | Date | October 15, 2012 |
| Title | FANG L HUANG V. CRAIG MILLER, ET AL. | | |

warrant such an appointment, a court must weigh "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither of these factors controls the analysis, but both must be weighed together in making a decision.

**B.      Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. In addition, when a plaintiff is proceeding in forma pauperis, a court "shall dismiss the case at any time" if the plaintiff fails to state a valid claim upon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                          **JS-6**

| Case No. | CV 12-0943-CAS (AJWx) | Date | October 15, 2012 |
|----------|----------------------|------|------------------|
| Title | FANG L HUANG V. CRAIG MILLER, ET AL. | | |

which the court may grant relief or if the complaint is otherwise frivolous.  28 U.S.C. § 1915(e)(2).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

## IV.   ANALYSIS

### A.   Plaintiff's Request for Appointment of Counsel

In her opposition to defendants' motions to dismiss, plaintiff requests that counsel be appointed pursuant to 28 U.S.C. § 1915(e).  The Court finds that plaintiff has not demonstrated that exceptional circumstances merit the appointment of counsel here. Plaintiff has compiled an extensive evidentiary record in support of her claim and has articulated the basic contours of the legal theory underling her claim for relief.  At this early stage of the proceedings, therefore, plaintiff has "demonstrated sufficient writing ability and legal knowledge to articulate [her] claim[s]."  $292,888.04 in U.S. Currency, 54 F.3d at 569.  Weighing this factor along with plaintiff's low likelihood of success on the merits of her federal claims, the Court denies plaintiff's request for appointment of counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | CV 12-0943-CAS (AJWx) | Date | October 15, 2012 |
|----------|------------------------|------|------------------|
| Title | FANG L HUANG V. CRAIG MILLER, ET AL. | | |

**B.**     **Defendant COLA's Motion to Dismiss**

> **1.**     **Claim for Negligence and Negligent Infliction of Emotional Distress**

The Court finds that plaintiff has not adequately stated a claim for negligence against COLA.  To state a claim for negligence, a plaintiff must allege a duty, breach of the duty, causation, and damages.  Artiglio v. Corning, Inc., 18 Cal. 4th 606, 614 (1998).  However, the tort liability of a public entity in California is governed by statute, and unless a statutory exception applies, "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee. . . ."  Cal. Gov't Code § 815(a).  Therefore, a plaintiff must allege in her complaint that a municipal defendant like COLA violated a specific statutory duty.  See County of Los Angeles v. Superior Court (Terrell), 102 Cal. App. 4th 627, 638 (2002) (noting that simply stating that defendant has a duty is insufficient).  This statutory duty must (1) be mandatory, not discretionary; (2) intended to protect against the kind of risk of injury suffered by the injured party; and (3) be the cause of plaintiff's injuries when the duty is breached.  See Cal. Gov't Code § 815.6.

Because plaintiff fails to allege any statutorily-imposed duty that COLA violated, her claim for negligence must fail.  Plaintiff cites to no authority in her complaint for imposing a tort duty on COLA; in her opposition, she cites to California Civil Code § 340.8, which is presumably a reference to California Code of Civil Procedure § 340.8, a provision that sets forth the statute of limitations for bringing a claim based upon exposure to a hazardous material or substance.[4]  However, this statute does not impose a duty on COLA in particular (or anyone else) that can give rise to tort liability, and

---

[4] The Court can only speculate, however, because there is no Cal. Civil Code § 340.8.  Elsewhere in her complaint, plaintiff cites to California Health and Safety Code § 26105, but as discussed below, that statute creates no duty on any government entity other than the state Department of Health Services.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | CV 12-0943-CAS (AJWx) | Date | October 15, 2012 |
|----------|----------------------|------|------------------|
| Title    | FANG L HUANG V. CRAIG MILLER, ET AL. | | |

therefore plaintiff has failed to specifically identify any duty supporting her tort claim against COLA. Accordingly, this claim must be dismissed.[5]

In addition, plaintiff's claim for negligent infliction of emotional distress is derivative of her claim for negligence, because "there is no independent tort of negligent infliction of emotional distress." Delfino v. Agilent Technologies, Inc., 145 Cal. App. 4th 790, 818 (2006) (citing Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993)). Because the Court finds that plaintiff's claim for negligence against COLA should be dismissed, the Court grants defendant's motion to dismiss her claim for negligent infliction of emotional distress as well.

> **2.      Plaintiff's Third and Fourth Claims for Violation of 42 U.S.C. §
> 1983, 1985, and 1986**

Plaintiff brings claims for violations of her civil rights and conspiracy to violate her civil rights against defendant COLA. To state a section 1983 claim, a plaintiff must allege that she: "[1] was deprived of a right secured by the Constitution or laws of the United States, and [2] that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).

Plaintiff alleges that COLA deprived her of her civil rights by failing to properly protect the public health from exposure to toxic mold, which led to plaintiff's health problems. Particularly, plaintiff alleges that COLA inspectors only examined her apartment for visible, not invisible mold, and then concealed any evidence of invisible mold in their final report. Compl. ¶ 22. Plaintiff alleges that the COLA inspectors could have prevented the ongoing harm to her caused by toxic mold, if the inspectors had searched for and found the invisible mold in her apartment, but that instead they conspired to cover-up and conceal any evidence of a mold problem. Id. ¶ 23.

Plaintiff has clearly alleged the second element of a § 1983 claim, because COLA, through the Department of Public Health, acted under color of state law in carrying out its

---

[5] Moreover, because plaintiff has not alleged what duty has been violated, the Court finds that she has not alleged breach or causation giving rise to negligence liability on the part of COLA as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | CV 12-0943-CAS (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | FANG L HUANG V. CRAIG MILLER, ET AL. | | |

duties.  However, plaintiff is unable to allege that COLA deprived her of any federal constitutional or statutory right through its conduct.  Plaintiff cites to California Health and Safety Code § 26105(a) as one such right, but this code section only applies to the California Department of Health Services, and in any event, this state statute does not provide the basis for a § 1983 claim.  Other than her general allegations of a conspiracy to conceal the alleged water damage and toxic mold in her apartment, plaintiff nowhere alleges any facts that state a cognizable violation of plaintiff's federal civil rights by COLA.  Plaintiff's failure to identify how any of her civil rights were violated, or how COLA's actions could have caused such a deprivation, defeats her § 1983 claim.

Moreover, to assert a § 1983 claim against a municipality rather than against individual officers of that government entity, a plaintiff must allege that a "direct causal link [exists] between a municipal policy or custom and the alleged constitutional deprivation."  City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658, 694 (1978).  Plaintiff here fails to allege that the COLA employees acted pursuant to any such policy or custom when they allegedly concealed evidence of the mold in her apartment, but only that such conduct occurred.  As such, she fails to allege a proper § 1983 claim against COLA.  Construing plaintiff's allegations generously, she may be alleging "concealment" in a broader sense, in that COLA had a policy of not searching for invisible mold in dwellings.  Even then, however, she in no way alleges that this alleged policy somehow directly caused a deprivation of her civil rights.  For all these reasons, the Court grants COLA's motion to dismiss plaintiff's § 1983 claim.

For similar reasons, plaintiff's claim under section 1985 also fails.[6]  To state a claim under section 1985(3), a plaintiff must allege:

(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges

---

[6] Plaintiff does not specify under which subpart of 42 U.S.C. § 1985 her claim arises; in any event, the Court finds that subparts one and two, which prohibit the interference with an officer performing official duties and the obstruction of justice, respectively, are inapplicable here.  Therefore, the Court construes plaintiff's complaint as arising under section 1985(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL                    JS-6

| Case No. | CV 12-0943-CAS (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | FANG L HUANG V. CRAIG MILLER, ET AL. | | |

and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States

Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted).  The Ninth Circuit has extended § 1985(3) to protect non-racial groups only where "the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny."  Id.  Moreover, "[a] claim under this section must allege facts to support the allegation that defendants conspired together.  A mere allegation of conspiracy without factual specificity is insufficient."  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).

        Plaintiff fails to state a cognizable § 1983(3) conspiracy claim for a number of reasons.  First, plaintiff fails to allege any details concerning the purported conspiracy, including who the members of the conspiracy are or how this conspiracy deprived plaintiff of equal protection of the laws.  For this reason alone, plaintiff fails to state a claim under § 1983(3).  Second, plaintiff alleges that a conspiracy was formed to conceal evidence of mold in her apartment, but in no way demonstrates how this conspiracy was formed for the "purpose" of depriving her of equal protection of the laws, as required to state a claim under this section.  Third, plaintiff does not appear to be a member of a protected class of persons at whom the alleged conspiracy is directed.  Even assuming that plaintiff is a member of a protected class, there are no allegations that defendants acted to deprive plaintiff of equal protection of the laws *because of* her membership in such a class, for plaintiff has at most alleged that COLA conspired not to report evidence of mold in her apartment.  There is no conceivable link between COLA's alleged actions and a conspiracy to violate plaintiff's rights because of her status as a member of a protected group, or that COLA's alleged actions were motivated by any particular "animus" towards a particular group.  Cf. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (holding that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" must be the reason for the conspirators' actions).  Plaintiff does not and cannot allege that a conspiracy existed to violate her federal civil rights based on COLA's inspection of her apartment, or that COLA, even in the absence of such a conspiracy, somehow caused her to be deprived of such rights.  Therefore, plaintiff's claims under § 1983 and § 1985 must fail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | CV 12-0943-CAS (AJWx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | FANG L HUANG V. CRAIG MILLER, ET AL. | | |

Finally, plaintiff cannot state a claim under § 1986 unless her complaint also contains a valid claim under § 1985.  See Karim-Panahi, 839 F.2d at 626.  Accordingly, the Court's dismissal of plaintiff's § 1985 claim requires dismissal of plaintiff's § 1986 claim as well.[7]

### C.    Remaining State Law Claims

All of plaintiffs remaining claims against defendants arise under state law and do not provide an independent basis for this Court to exercise subject matter jurisdiction over this action.  Because the Court has "dismissed all claims over which it has original jurisdiction," 28 U.S.C. 1367(c)(3), the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims.  This decision is "purely discretionary."  Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009); see also Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997) (noting that relevant factors for this determination include "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims"); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims[.]") (citations and alterations omitted).[8]

---

[7] Plaintiff brings an additional claim for violation of her civil rights under the Public Records Act, naming code sections 42 U.S.C. §§ 1983, 1985, and 1986 as the source of this right.  However, plaintiffs allegations are wholly centered around COLA's alleged violation of the California Public Records Act, Cal. Gov't Code Sections 6253, 6258, and 6259.  See Compl. ¶¶ 24, 25.  Therefore, having previously addressed plaintiff's federal civil rights claims, the Court construes plaintiff's claim as one alleging violations of the California Public Records Act.  As such, this claim is insufficient to independently confer federal jurisdiction upon this Court, because a § 1983 claim may only be based upon violations of federal statutory or constitutional rights, not state-created ones.

[8] The Ninth Circuit holds that the a court should weigh the "values of economy, convenience, fairness, and comity" in making this determination.  Acri, 114 F.3d at 1001 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    **JS-6**

| Case No. | CV 12-0943-CAS (AJWx) | Date | October 15, 2012 |
|----------|----------------------|------|------------------|
| Title | FANG L HUANG V. CRAIG MILLER, ET AL. | | |

The Court notes that plaintiff's remaining claims—centered around the alleged conditions of her dwelling and the actions of her landlord—are the type of claims that are particularly suitable for adjudication in state court.  Moreover, the prejudice to any party to this action is limited because the litigation has not yet progressed to discovery. Accordingly, the Court declines to exercise jurisdiction over plaintiff's remaining state law claims and therefore dismisses these claims without prejudice.[9]

## V.      CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant County of Los Angeles's motion to dismiss plaintiff's claims for negligence and violations of sections 1983, 1985, and 1986.  The Court declines to exercise supplemental jurisdiction over plaintiff's remaining claims, and therefore DISMISSES all other claims without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |

---

[9] At oral argument, plaintiff noted that she filed an administrative complaint with the federal Department of Housing and Urban Development ("HUD") in regards to substantially similar allegations.  Nothing in this Court's order shall be construed as having any effect on any administrative remedies that plaintiff may be pursuing.